11 KIRBY, Judge.

STATEMENT OF CASE

By bill of information filed August 12, 1999, the defendant was charged with two counts of possession with intent to distribute crack cocaine. At arraignment on August 12, 1999, he entered a not guilty plea. Probable cause was found on September 8, 1999, and a motion to suppress the evidence was denied. On April 5, 2000, a twelve-member jury found the defendant guilty as charged. He was sentenced on May 19, 2000, to serve seven and one-half years at hard labor on each count. The sentences are to run concurrently with any other sentence the defendant may be serving. As to count one, the state filed a multiple bill of information charging the defendant as a third felony offender. On October 27, 2000, he was adjudicated a second felony offender, and the state noted its intent to seek writs.[1] After vacating the previous sentence imposed on count one, the district court resentenced the defendant to serve fifteen years at hard labor. The sentence is to run concurrently with all other sentences he may be serving. The defendant’s motion for appeal was also granted.
| STATEMENT OF FACTS
On June 10, 1999 at approximately 10:15 in the evening, Sergeants Michael Glasser and Cindy Scanlon were working undercover. They pulled up to a stop sign at the corner of North Claiborne Avenue and St. Philip Street in their unmarked vehicle when the defendant waved to them. Sergeant Glasser pulled over and the defendant approached the passenger side of the vehicle and asked Sergeant Scanlon, “what’s up?” She replied that they were looking for a twenty, and the defendant said he had two halves. Sergeant Glasser handed him a marked twenty-dollar bill, and he gave Sergeant Scanlon one. piece of what appeared to be crack cocaine. The defendant asked the sergeants if they wanted to purchase the second piece, but they declined. He then offered to sell it to them for $15.00, and Sergeant Glasser handed him a second marked twenty-dollar bill. The second piece was handed to Sergeant Scanlon.
The defendant left to make change from the twenty-dollar bill in Roosevelt’s Bar and Restaurant, which was nearby, but he never returned. After a few minutes, Sergeant Scanlon radioed a description of the defendant to the back-up team of officers. She described him as a black male, bald-headed, stocky, wearing jeans and a white tee shirt with Harris written on the front. She also indicated that he entered the restaurant side of Roosevelt’s. Within a couple of minutes, Officer Evans arrived and located the defendant. He placed him under arrest and searched him. The officer recovered one of the marked twenties from the defendant. The second marked twenty was found in the cash register of the restaurant. Sergeants Glasser and Scanlon identified the defendant. Testing on the two pieces proved they were cocaine.
*133 laThe defendant testified that he was alone that evening at Roosevelt’s. He was drinking his first Budweiser when the officers arrived and pulled seven people out of the restaurant. The officers ran a computer check on each of the individuals, after which, five were released. Because he has a criminal record, the officers sought information from him regarding a person, who was robbing individuals in the French Quarter while ridding a bicycle. He was charged with the instant offenses after being unable to provide the officers with any information.

ERRORS PATENT

A review of the record shows one error patent; the defendant’s sentences are illegally lenient. La. R.S. 40:96T(B)(4)(b) requires that the first five years of the sentences be served without benefit of parole, but the district court failed to impose this stipulation. On appeal, this court will not correct errors favorable to a defendant where the issue is not raised by the state. State v. Fraser, 484 So.2d 122 (1986).

ASSIGNMENT OF ERROR NUMBER

By his sole assignment of error, the defendant asserts that the district court unduly restricted the cross-examination of the criminalist, Corey Hall. Specifically, he complains because the district court sustained the state’s objections to his attorney asking Mr. Hall whether he had ever received false results.
Under the Sixth Amendment to the United States Constitution, a defendant has the right to confront the witnesses against him. La. C.E. art. 611(B) provides that a witness may be cross-examined on any matter relevant to any issue in the case.
RThe testimony of Mr. Hall reflects that three separate tests were performed on the specimens. He indicated that the first test he conducted determines whether an illegal drug is present. Because this test returned positive, he performed a second test, which he described as definitive. This test confirms the type drug present, which in this case was cocaine. Finally, he conducted a third test to determine the percentage of cocaine present.
Assuming that whether Mr. Hall received false results in the past was relevant insofar as the defendant was attempting to show that the substance sold by the defendant was not cocaine, the district court’s error was harmless. Two of the three tests definitively proved that the substance sold by the defendant contained cocaine. Further, by his own testimony, the defendant represented that he did not sell anything to the officers. He did not testify that he sold them fake cocaine.

CONCLUSION

We affirm the conviction and sentence.
AFFIRMED.

. The state’s writ, 2000-K-2747, was denied on December 29, 2000.